UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ODONKHUU NMN NYAMJAV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00661-JPH-MJD |
| | ) | |
| BRANDON CROWLEY,<br>SAMUEL OLSON,<br>MARKWAYNE MULLIN,<br>TODD BLANCHE, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Odonkhuu Nmn Nyamjav is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on October 1, 2026. He filed this petition on October 3 while he was detained at the Clay County Jail in Brazil, Indiana. Dkt. 1. Since filing his petition, Mr. Nyamjav was transferred to the Greene County Jail in Springfield, Missouri, where he remains. Dkt. 7-1. Mr. Nyamjav alleges that his detention is unlawful under the Due Process Clause of the Fifth Amendment. He seeks a bond hearing at which the government bears the burden of proof. Dkt. 1 at 17–18.

For the reasons explained below, the Court **grants** the petition to the extent that Respondents are ordered to either afford Mr. Nyamjav an individualized bond hearing or release him from custody under reasonable conditions of supervision.

## I. Background

Mr. Nyamjav is a citizen of Mongolia. Dkt. 1, ¶ 10. He first entered the United States on February 20, 2014, on a vocational visa that expired on February 19, 2015. Dkt. 7-1 at 6. He departed the United States on February 11, 2015. *Id.* Mr. Nyamjav re-entered the United States on May 6, 2016, on a B-2 tourist visa and was authorized to remain until November 5, 2016.[1] *Id.* He did not depart the United States or renew his visa after November 5. *Id.*

Mr. Nyamjav was detained on October 1, 2026, during an interview at the Chicago Asylum Office. Dkt. 1, ¶ 11. He suffered a medical emergency while detained at the Broadview Staging Facility and was transferred to Loyola Medical Center in Maywood, Illinois. *Id.*, ¶ 12. He was released from the hospital on October 2 and transported to Clay County Jail. *Id.*

Also on October 1, Mr. Nyamjav was issued a Notice to Appear charging him as subject to removal under 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States "for a time longer than permitted." Dkt. 7-1 at 1. He was also issued an administrative warrant for his arrest. *Id.* at 9. He has not requested or been provided a custody redetermination hearing, though he states in his petition that he would request one at his initial custody determination hearing in Chicago on October 16, 2026. Dkt. 1, ¶; dkt. 7-1 at 1. It is not clear whether Mr. Nyamjav attended that hearing or requested a bond hearing there or since.

---

[1] The Notice to Appear states that Mr. Nyamjav's via expired May 6, 2016—the same day it was issued. Dkt. 7-1 at 1.

Mr. Nyamjav filed his habeas petition in this court on October 3, 2026, while he was at the Clay County Jail. Dkt. 1. But the next day, October 4, he was transferred from the Clay County Jail to Greene County Jail in Springfield, Missouri. Dkt. 7-2 at 1. Counsel for Mr. Nyamjav asserts that sometime between October 5 and 7, Mr. Nyamjav again was transferred to the Kay County Detention Center in Newkirk, Oklahoma, and remained there until October 9. Dkt. 9 at 2; dkt. 9-1. Counsel states that Mr. Nyamjav remains in Kay County, but the ICE Online Detainee Locator website shows his location as the Greene County Jail in Missouri. *See* https://locator.ice.gov/odls/#/search (last accessed Oct. 23, 2026).

## II. Discussion

Mr. Nyamjav argues that his current detention violates the Due Process Clause of the Fifth Amendment. Dkt. 1, ¶ 43. He seeks a bond hearing where the burden of proof is on the government to justify his continued detention. *Id.*

Respondents assert that Mr. Nyamjav's detention is lawful under 8 U.S.C. § 1226(a) because he overstayed his visa. Dkt. 7 at 1. They assert that "[b]ecause DHS is relying on 8 U.S.C. § 1226(a) to detain Petitioner, and has charged him as a 'visa overstay,' *Cirrus Rojas v. Olson*, [183 F.4th 909 (7th Cir. 2026),] . . . does not apply to him." *Id.* at 1, n.1. While Respondents acknowledge that Mr. Nyamjav is eligible for a custody redetermination hearing, they argue that he is not entitled to habeas relief because he has not exhausted his administrative remedies by requesting a hearing. *Id.* They further contend that his detention

does not violate the Due Process Clause, and he can challenge his detention in a bond hearing or appeal to the Board of Immigration Appeals. *Id.*

In his reply, Mr. Nyamjav asserts that ICE's repeated transfer of him to different facilities in different states has "depriv[ed] him of a meaningful opportunity to communicate with his family, counsel, and to prepare for his removal or custody proceedings." Dkt. 9 at 1. He contends that Respondents "misrepresented to this Court that Mr. Nyamjav was detained at Greene County, MO at the time they filed their return to this Court's order which is egregious behavior." *Id.* at 2 (citing *Suri v. Trump*, 184 F.3d 260, 277 (4th Cir. 2026); *Shinwari v. Mullin*, 2026 WL 974957, at *2 (D. Conn. Apr. 11, 2026); and others). Mr. Nyamjav argues that Respondents' "egregious actions" should excuse him from exhausting his administrative remedies, and he requests that the Court grant his petition and order Respondents to release him immediately or provide "a meaningful bond hearing with the burden of proof on the Government to justify [his] continued detention." *Id.* at 4–6.

The "general rule" is that "parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy v. Madigan,* 503 U.S. 140, 144–45 (1992)). This general rule often applies in immigration matters because "a comprehensive administrative review scheme exists," and, in some cases, exhaustion is mandated by statute. *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002) (citing 8 U.S.C. § 1252(d) and collecting cases).

There is no statutory requirement for Mr. Nyamjav to fully exhaust the bond redetermination process through the agency before he can seek habeas relief from this Court. In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez*, 355 F.3d at 1016.

As noted above, Mr. Nyamjav has been held in three different locations during the pendency of his petition: first in Brazil, Indiana; then in Springfield, Missouri; then in Newkirk, Oklahoma. It is not clear whether he remains in Oklahoma or has been transferred back to Missouri. Nonetheless, each of these three locations is located within a different federal judicial circuit. That matters because immigration courts are bound by the law of the jurisdiction where they are physically located. Accordingly, whether an immigration court will follow *Cirrus Rojas* and afford Mr. Nyamjav a bond hearing without a Court order depends on geographic location. Given that (1) there is no evidence that Mr. Nyamjav has been provided a bond hearing, and (2) Respondents have transferred Mr. Nyamjav multiple times since detaining him, the Court will excuse the exhaustion requirement.

**III. Scope of Relief**

As noted above, Mr. Nyamjav requests release from custody or a bond hearing at which the government bears the burden of proof. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S.

674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). The Court finds that immediate release would not be in the interests of justice here. The parties agree that Mr. Nyamjav is subject to § 1226(a), which gives the government discretion to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Nyamjav's custody is therefore not unlawful because he is detained but because he has not received the bond hearing required under § 1226(a)(1). Because the Court has found that Mr. Nyamjav's detention violates the INA, it need not reach his claim that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

Mr. Nyamjav also asks the Court to place specific constraints on the immigration judge's decision-making at a bond hearing. The issue presented to the Court is whether Mr. Nyamjav's current detention is in violation of the laws of the United States. The Court has found that it is because Mr. Nyamjav is subject only to discretionary detention under § 1226(a) and therefore entitled to an individualized bond hearing, which he has not been given. The Court will order Respondents to either give Mr. Nyamjav an individualized bond hearing or release him. At a bond hearing, the immigration judge might order Mr. Nyamjav released on bond or the judge might deny him release on bond for reasons that do not turn on who bears the burden of proof or the evidentiary

standard. So, the Court denies the request to place specific constraints on the immigration judge's decision-making at a bond hearing.

## IV. Conclusion

The Court grants the petition and orders that, **within ten days**,[2] Respondents must either: (1) provide Mr. Nyamjav with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Nyamjav from detention under reasonable conditions of supervision. Respondents must file documentation certifying that they have either provided Mr. Nyamjav with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

If Federal Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Nyamjav's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent that it seeks immediate release. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 11/18/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

[2] The parties may extend this deadline by agreement without need for further action by the Court.